## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH GROOMS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:23-cv-1544-JDW** |
| | : | |
| **SKLAR LAW, LLC,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

A state court concluded that Deborah Grooms owes a debt to Apex Marketing. She disagrees, and she has sued the law firm that is trying to collect that debt for violating the Fair Debt Collection Practices Act. The debt collector did nothing wrong, though. So, after screening Ms. Grooms's Complaint, I will dismiss it with prejudice.

## I.    FACTUAL ALLEGATIONS

Sklar represented Apex International Marketing in a collection action against Ms. Grooms in the Philadelphia Court of Common Pleas. *See Apex Int'l Marketing v. Gray*, No. 190702003 (C.P. Phila.). On November 20, 2019, Sklar obtained a default judgment against Ms. Grooms for $19,253.25. On November 21, 2019, Sklar sent Ms. Grooms a letter informing her of the default judgment.[1] Grooms tried on several occasions to open the default judgment against her, all without success.

---

[1] *See Grooms v. Sklar, LLC*, Civ. A. No. 20-5289 (E.D. Pa.) (ECF No. 2-3).

Apex has been trying to collect on its judgment against Ms. Grooms. In connection with those efforts, Sklar sent Ms. Grooms three letters that are the subject of this case. On November 21, 2022, Sklar, identifying itself as a "debt collector" for purposes of the FDCPA, sent Ms. Grooms a cover letter referring to the litigation in state court and stating:

> Enclosed are post-judgment interrogatories in the above matter. Please answer all questions completely, then sign and date the verification, and return your answers to our office within the time set forth in the Rules of Court.
>
> Thank you.

(ECF 2 at p. 9.)  Ms. Grooms wrote various provisions of the FDCPA on this letter, as well as the words "did not create account" next to Sklar's file number and "Consumer is not obligated to pay alleged debt" at the bottom of the page. (*Id.*)

On December 23, 2022, Sklar sent Ms. Grooms another letter. That letter recounts Ms. Grooms's numerous petitions to open the default judgment, notes that she had filed a fifth such petition, and threatens to seek sanctions if Ms. Grooms does not withdraw the petition. On April 11, 2023, Sklar sent Grooms another letter noting that Ms. Grooms had not responded to the post-judgment discovery requests that Sklar sent in November 2022 and seeking a response within five days.

On April 21, 2023, Ms. Grooms sent Sklar a document that appears to be an invoice she created for alleged violations of the Fair Debt Collection Practices Act, all of which are unexplained, in the amount of $85,000.  On the same day, Ms. Grooms filed this lawsuit.

She appears to claim both that she was not obligated to pay any debt and that Sklar's tactics in trying to collect the debt violate the FDCPA.

## II. LEGAL STANDARD

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the application of the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). A court can also consider matters of public record, including the record from prior court cases, in assessing the plausibility of the claims. Because Ms. Grooms is proceeding *pro se*, I must construe her pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. *In Forma Pauperis*

Ms. Grooms has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that she cannot afford to pay the filing fees. Her application to proceed *in forma pauperis*

demonstrates that she lacks the income or assets to pay the required filing fees. Therefore, the Court will grant her leave to proceed *in forma pauperis*.

### B.    Plausibility Of Claims

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*). To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). My analysis focuses on the fourth prong—whether Sklar violated a provision of the FDCPA.

### 1.    Fact of collection efforts

Much of Ms. Grooms's Complaint appears to contend that she does not owe a debt to Apex. Presumably, if she doesn't owe a debt, then the debt collection efforts could be

improper. The Court of Common Pleas has already held Ms. Grooms liable when it entered the default judgment and then refused to reopen that judgment despite Ms. Grooms's requests. The *Rooker-Feldman* doctrine bars a party who loses in state court from seeking relief from the judgment in a lower federal court. *See Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023). Indeed, this Court lacks subject matter jurisdiction to engage in a review of the Common Pleas Court's determination of liability. To the extent that Ms. Grooms claims that she doesn't owe a debt to Apex, I cannot take up that issue.

### 2. Method of collection efforts

#### a. Section 1692c

Section 1692c(a)(1) provides that a debt collector may not, absent prior consent or court permission, contact a consumer without consent in connection with collection efforts

> at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

15 U.S.C. § 1692c(a)(1). The statute does not prohibit **any** communications about a debt absent consent, just those that are knowingly "inconvenient to the consumer" without consent. Nothing in the Complaint suggests that Sklar's three letters, which were addressed to Ms. Grooms and sent to her at what appears to be her home address violate

this provision. Sending things in the mail, for a recipient to open at her leisure, is not inconvenient.

Section 1692c(c) states that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer," subject to certain exceptions, including to notify the consumer that the debt collector or creditor may invoke ordinary specified remedies or intends to invoke such a remedy. The Supreme Court has observed that "it would be odd if the [FDCPA] empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt." *Heintz*, 514 U.S. at 296.  To the contrary, courts may plausibly understand the exceptions in § 1692c(c) to treat "court-related document[s]" as notifications that the debt collector or creditor is seeking ordinary judicial remedies. *Id.*

Sklar's letters are all communications related to the state court litigation against Ms. Grooms and, on their face, are intended to further Sklar's pursuit of judicial remedies on behalf of its client. They relate to discovery in aid of execution and to a petition that Ms. Grooms filed in that case. The letters therefore fall within the "additional, implicit, exception" in § 1692c(c) that "preserv[es] creditors' judicial remedies." *Id.*

### b.      Section 1692d

Section 1692d prohibits debt collectors from engaging in conduct, the "natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Courts analyze communications from debt collectors from the perspective of the "least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008). However, "although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (internal quotations omitted).

On their face, Sklar's letters are not deceptive, misleading, unfair, harassing, or abusive. They do not contain obscene or profane language. Two of the letters enclose post-judgment interrogatories in connection with the state court litigation and request that Ms. Grooms complete them. The third letter informs Ms. Grooms that her attempt to vacate the default judgment violates the relevant court rules and informs her that if she does not withdraw the motion, Sklar would avail itself of judicial remedies. No allegation could establish these letters as harassing, misleading, unfair, or abusive.

     **c.    Section 1692g**

Section § 1692g(a) of the FDCPA requires a debt collector to send a notice with certain information about the debt "[w]ithin five days **after the initial communication** with a consumer in connection with the collection of [that] debt" unless that information is already contained in the initial communication.[2] 15 U.S.C. § 1692g(a) (emphasis added). "Section 1692g(a) further requires that the written notice inform the debtor that, if she 'notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt' and mail it to the debtor." *Deutsch v. D&A Servs. LLC*, No. 22-1042, 2023 WL 2987568, at *1 (3d Cir. Apr. 18, 2023) (quoting 15 U.S.C. § 1692g(a)(4)). "Section 1692g(b) guarantees that, if a consumer invokes her § 1692g(a) right to request information about a debt, and the consumer invokes this right in writing and within the thirty-day period prescribed by statute, a debt collector must 'cease collection of the debt' until it has provided the requested information to the debtor." *Id.*

The public record demonstrates that Sklar has been in communication with Ms. Grooms about the lawsuit and related debt since 2019. *Grooms v Sklar Law, LLC*, Civ. A. No. 20-5289 (E.D. Pa.); *Apex Int's Marketing v. Gray*, No. 190702003 (C.P. Phila.). Accordingly, the letters in question are not **_initial_** communications to Grooms within the

---

[2] "A communication in the form of a formal pleading in a civil action" is not an "initial communication" for purposes of § 1692g. § 1692g(d); *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) (letter from law firm referring to lawsuit was a communication for purposes of FDCPA).

meaning of § 1692g because numerous communications preceded these letters. In any event, Grooms received validation of the debt in 2019, which is apparent from documentation to that effect in her prior lawsuit against Sklar[3] and her efforts to vacate the judgment in state court. Ms. Grooms's assertions that Sklar violated § 1692g(b) by either failing to validate the debt or continuing to make efforts to collect upon it are therefore baseless.

### d.      Section 1692i

Section 1692i(b) provides that nothing "in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors." 15 U.S.C. § 1692i(b). Ms. Grooms appears to think that that statute bars a debt collector like Sklar from bringing any legal action. It doesn't. It just says that the FDCPA doesn't authorize such an action. *See Deitemyer v. Ryback*, No. 18-2002, 2019 WL 3587883, at *12 (D. Md. Aug. 6, 2019); *Middlebrooks v. Sacor Fin., Inc.*, No. 17-679, 2018 WL 4850122, at *20 (N.D. Ga. July 25, 2018). Indeed, Section 1692i(a) addresses venue in debt collectors' lawsuits, so Section 1692i(b) can't then prohibit those types of lawsuits. Sklar didn't sue based on the FDCPA, so Section 1692i(b) doesn't apply in this case.

### e.      Section 1692j

Section 1692j prohibits debt collectors from creating forms "knowing that such form would be used to create the false belief in a consumer that a person other than the

---

[3] *See Grooms v Sklar Law, LLC*, Civ. A. No. 20-5289 (E.D. Pa.) (ECF Nos. 2-3, 2-18),

creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j. Ms. Grooms references this section in her Complaint, but it's not clear that it has anything to do with this case. Nothing Sklar did violated this provision.

### C.    Leave To Amend

I must give a *pro se* plaintiff an opportunity to amend her complaint as a matter of course, unless doing so would be inequitable or futile. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008). In this case, I will not give Ms. Grooms an opportunity to amend because doing so would be futile. This is not a case in which I lack the facts to decide. Ms. Grooms's allegations and the material of which I can take judicial notice from prior judicial proceedings makes clear that there's nothing that Ms. Grooms could say in an amendment that would make her claims plausible. It would only drag the case out. So I will deny her leave to amend, and I will dismiss the Complaint with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, I will grant Ms. Grooms leave to proceed *in forma pauperis*, but I will dismiss her Complaint with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

May 10, 2023